UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL SCALES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:16-cv-01231-JMS-MPB ) |
| KEITH BUTTS Warden of New Castle Correctional Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Michael Scales for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NSF 16-01-0032. For the reasons explained in this Entry, Mr. Scales's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Date: 2/27/2017

### B. The Disciplinary Proceeding

On December 30, 2015, J. Gibson wrote a Conduct Report charging Mr. Scales with violating Code B-247 for possession or solicitation of unauthorized personal information. The Conduct Report states:

> Offender Michael Scales 242555 has been corresponding with an ex-female officer. They have not gone through proper channels to be approved to correspond. Mailroom has confiscated mail from the ex-officer and also returned mail letting her know this is not allowed. On the above date and time Offender Scales 242555 wrote to the ex officer on JPay telling her how to change her name and address so they can correspond. This has taken place several times. Please see attached.

Filing No. 12-1 at 1.

Mr. Scales was notified of the charge on December 30, 2015, when he received the Screening Report. The Screening Report reflects that he plead guilty to the charge, but requested a lay advocate for the hearing.

A hearing was held on January 5, 2016. At the hearing, Mr. Scales changed his plea to not guilty. He stated that he talked to internal affairs "and they did not [] tell me we could not talk to each other. I did not know." Filing No. 12-10 at 1. Based on Mr. Scales's statement, the staff reports, and the letters themselves, the hearing officer found Mr. Scales guilty. The hearing officer recommended and approved sanctions including a ninety-day earned-credit-time deprivation and a credit class demotion.

Mr. Scales appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Scales purports to raise the following three distinct claims in his habeas petition: (1) he was not provided sufficient notice of the nature of the charges against him and the charge of

possession or solicitation of unauthorized personal information is unconstitutionally vague; (2) his conduct was not clearly prohibited by the explanation of the charge; and (3) there was insufficient evidence to find him guilty. The respondent construes all of these claims as challenges to the sufficiency of the evidence and only briefs that issue. But this ignores Mr. Scales's vagueness challenge. The Court will thus address this claim and the sufficiency of the evidence in turn.

*1.     Vagueness*

The Government violates due process "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). The prohibition on vagueness applies not just to criminal laws, but also to prison disciplinary offenses the violation of which can lead to a loss of liberty. *See Isby-Israel v. Finnan*, 347 Fed. Appx. 253, 254-55 (7th Cir. 2009) (assessing whether a prison disciplinary rule was unconstitutionally vague); *see also Brown v. Schneiter*, 335 Fed. Appx. 618, 622-23 (7th Cir. 2009).

The Appendix to the IDOC Adult Disciplinary Process, which went into effect on June 1, 2015, defines the disciplinary offense with which Mr. Scales was charged as follows:

> Possession or Solicitation of Unauthorized Personal Information
>
> Possessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order or as approved in writing by the Facility Head. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical.

Appendix I: Offenses, IDOC Adult Disciplinary Process at 8, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited February 24, 2017).

There is no doubt that this definition gives prisoners "fair notice of the conduct it punishes." *Johnson*, 135 S. Ct. at 2556. It describes "personal information," lists the individuals whose personal information an inmate cannot possess or solicit, and it sets forth how to receive authorization to possess this information—"by a court order or as approved in writing by the Facility Head." Mr. Scales's conduct clearly falls within this statute. Specifically, he was charged in the Conduct Report with possessing personal information (as discussed further below, an address) of a former correctional officer without authorization from a court or the Facility Head.[1] A prisoner such as Mr. Scales "who engaged in behavior unmistakably proscribed by a disputed regulation cannot mount a facial challenge" to a prison disciplinary offense, as he attempts here. *Isby-Israel*, 347 Fed. Appx. at 255 (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).

Mr. Scales resists the foregoing by arguing that the definition of the offense outlined above was not in effect at the time of the alleged offense, as inmates were only provided a list of offenses. To demonstrate this, he provides an IDOC brochure that lists all of the prison disciplinary offenses. The brochure describes a Code 247 violation as "[p]ossession or solicitation of unauthorized personal information of any person." Filing No. 15-1 at 3. But this brief description makes sense

---

[1] To the extent Mr. Scales argues that the Conduct Report did not provide sufficient notice of the charges against him, the Court disagrees. As set forth herein, the Conduct Report notified him of the specific code violation and the factual basis for the charge—namely, that he was corresponding with a former correctional officer without authorization. Implicit in the factual basis provided in the Conduct Report charge is that he possessed her personal information. The notice of the charges thus sufficiently "inform[ed] him of the charges and [] enable[d] him to marshal the facts and prepare a defense," which is all that due process requires. *Wolff*, 418 U.S. at 564.

given that the document is only a brochure listing the offenses, not defining them. Indeed, after listing all of the offenses, the brochure states: "This brochure presents a SUMMARY of the offenses and sanctions . . . . This brochure does NOT present the entire procedure. You may review or obtain a complete copy . . . from staff or the Law Library . . . ." Filing No. 15-1 at 3.

Mr. Scales is thus simply mistaken that the definition of the charged offense was not in effect at the time of the alleged offense. Notably, his contention that he was unaware that his conduct was prohibited is undermined by the fact that he told the former correctional officer with whom he was corresponding to utilize a false name and address so that they could communicate. But even if, as Mr. Scales contends, he knew only that his conduct was perhaps ill-advised instead of an actual disciplinary offense, the definition of the charged offense in the Appendix to the IDOC Adult Disciplinary Process clearly prohibits his conduct.

In sum, the offense of possession or solicitation of unauthorized personal information is not unconstitutionally vague, and Mr. Scales was on notice of the prohibited conduct. He is not entitled to habeas relief on this basis.

### 2. *Sufficiency of the Evidence*

Mr. Scales contends there is insufficient evidence to prove that he possessed the personal information of the former correctional officer with whom he was in contact. The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Scales maintains that there is no evidence in the record that he possessed the personal contact information of the former correctional officer because his communications with her were solely through the electronic "jpay" system, which, according to him, does not require the use of personal information such as an address in order to correspond. Moreover, Mr. Scales points out that the letters from the former correctional officer were all confiscated before he received them.

While it is certainly true that there is no *unequivocal* evidence that Mr. Scales possessed the former correctional officer's address, the hearing officer's conclusion that he did is certainly not "arbitrary or without support in the record." *McPherson*, 188 F.3d at 786. The "jpay" communications from Mr. Scales to the former correctional officer repeatedly refer to him communicating with her through the U.S. Mail, including by sending her pictures. *See, e.g.*, Filing No. 12-4 at 1 ("[I] am going to try to send you that pic of me tonight in the mail . . ."); *id.* ("[F]ind out about that p.o. box or get me a new address . . . cause I need those pics."); *id.* ("[I]f I get that letter today I will read it and respawn [sic] back to it."); *id.* ("[L]ike I said before [I] am going to try to send out that pic to you baby and I hope you get it . . ."). These statements are certainly circumstantial evidence that Mr. Scales was in possession of the former correctional officer's address. This evidence, although not indisputable, is sufficient because "[t]he some evidence standard . . . is satisfied if there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel*, 696 F.3d at 675 (emphasis added).

Accordingly, Mr. Scales is not entitled to habeas relief on this basis.

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Scales to the relief he seeks. Accordingly, Mr. Scales's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

February 27, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

MICHAEL SCALES
242555
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362